UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALI SHAKIR | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO: |
| v. | : | 09-cv-0314 (JCH) |
| | : | |
| STATE OF CONNECTICUT | : | |
|     Defendant. | : | MARCH 12, 2009 |

**RULING RE: RECOMMENDED RULING**

**I.      INTRODUCTION**

On February 9, 2009, plaintiff, Ali Shakir, initiated the present lawsuit against the State of Connecticut pro se and in forma pauperis. Because Shakir proceeds in forma pauperis, the court conducts an initial screening of his Complaint to ensure that the case advances only if it meets certain requirements. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) ("The court shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief").

United States Magistrate Judge Joan G. Margolis conducted the requisite review, and on February 24, 2009, issued a Recommended Ruling (Doc. No. 2) recommending that this case be dismissed under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. On March 10, 2009, Shakir filed an opposition to the Recommended Ruling. He did not address any of Judge Margolis's recommendations, but rather requested a "jury trial proceeding against the State of Connecticut . . . ." Opposition to Recommended Ruling (Doc. No. 7) at 1.

-1-

For the reasons that follow, the court affirms, adopts, and ratifies the Recommended Ruling and dismisses this case.

## II.   STANDARD OF REVIEW

Shakir has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915 (e)(2)(B)(ii); Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (under the Prison Litigation Reform Act, "dismissal for failure to state a claim is mandatory").

In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff.  Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).  Dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 597.  In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit a pro se plaintiff who is proceeding in forma pauperis to file an amended complaint that states a claim upon which relief may be granted.  Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

## III.   DISCUSSION

Shakir's Complaint consists of his name, address, signature, phone number, and

the following three paragraphs (section headings on the Clerk's "Civil Rights Complaint" form are provided in brackets):

> [Briefly state the background of your case.] Abuse and neglect. Harassment by law enforcement officials and media civilians.
>
> [I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations:] Am not mixed in or affiliated with any corrupted organizations or illegal activities. Constant discrimination and violation of Const. rights.
>
> [Supporting Facts:] I am sanitary, sterile and clean. Due to paralyzation from suicide attempt while incarcerated sustained problems with vital organs.

Although the court construes Shakir's Complaint liberally, see Boykin v. Keycorp, 521 F.3d 202, 214 (2d Cir. 2008), Shakir is still required to provide some basis for the court to find that it has jurisdiction over the suit, and to provide the defendant with notice of the claims against it. See Fed. R. Civ. P. 8(a)(1) (a complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends"); Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Shakir has done neither. As a result, the Complaint fails to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Recommended Ruling (Doc. No. 2) is **AFFIRMED**, **ADOPTED**, and **RATIFIED**, and the case is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is directed to close the case.

The plaintiff may file, within 21 days, a motion to reopen together with a proposed amended complaint that meets the requirements of Fed. R. Civ. P. 8 as discussed herein. The Clerk is directed to mail a copy of this Ruling to the plaintiff.

**SO ORDERED**.

Dated at Bridgeport, Connecticut, this 12th day of March, 2009.

                                                   /s/ Janet C. Hall
                                                 Janet C. Hall
                                                 United States District Judge